THOMAS J. FEENEY, RESPONDENT, *v.* THE BROOKLYN CITY RAILROAD COMPANY, APPELLANT.

*Costs — when an action is on contract, and when in tort — Code of Civil Procedure, sec. 3228, sub. 3.*

The plaintiff, while a passenger upon one of the defendant's cars, was wrongfully assaulted by the conductor and ejected from the cars. In this action brought to recover damages therefor, the jury rendered a verdict in his favor for six cents.

*Held,* that the action was for an assault, and that the plaintiff was entitled under subdivision 3 of section 3228 of the Code of Civil Procedure, to costs not exceeding the amount of his recovery, and that he could not be charged with the payment of the defendant's costs.

APPEAL from an order made at Special Term, denying a motion brought before the court on an appeal from the refusal of the clerk to tax a bill of costs presented by the defendant.

The plaintiff, while a passenger for hire on one of defendant's cars, was ejected therefrom. In his complaint he alleged that while such passenger, he was assaulted and ejected from the car by the conductor, without cause. Upon the trial the jury rendered a verdict for plaintiff, assessing his damages at six cents.

Thereupon defendant, upon notice, submitted a bill of costs in favor of defendant, which the clerk refused to tax, because plaintiff had recovered a verdict for six cents.

*Morris & Pearsall,* for the appellant.

*Charles J. Patterson,* for the respondent.

BARNARD, P. J.:

This action is not directly based upon the contract which is involved in the duty of common carriers of passengers. The contract is to carry safely the passenger, to compensate him for all injuries inflicted by the negligence of the servants of the carrier. It becomes a question whether the contract included an unjustifiable assault of a servant upon the passenger when the servant was not acting within the scope of his employment. The Court of Appeals in the case of *Stewart* v. *The Brooklyn and Crosstown Railroad Company* (90 N. Y., 588), held that the carrier was liable for the unjustifiable assault upon the passenger, when the servant, in that case a conductor, was not acting within the scope of his employment. The effect of the decision is to hold that a carrier's servant is the carrier himself in respect to assaults committed upon the journey, and not to make an unjustifiable assault by a conductor a breach of contract. The contract calls for safe carriage, for civil and respectful treatment and for immunity from assaults by the carrier's servants. If the servant makes an assault, the master is liable not for the breach of the contract, but for a wrong done to the passenger whose rights were guaranteed by a contract. The case then falls under subdivision 3 of section 3228 of the Code. The action was one for damages for an assault and battery, and his recovery was six cents. He was entitled, under that section, to the same amount of costs,

and consequently was not entitled to be charged with the payment of costs.

The order should therefore be affirmed, with costs.

PRATT, J., concurred.

Order refusing to vacate taxation affirmed, with costs and disbursements.